# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROWLAND YOUNG, CDCR #V-28942,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, Office of Third Level Appeals Health Care; L.D. ZAMORA, Chief Appeals Coordinator; Dr. LEE, Chief Medical Officer, Ironwood State Prison; UNNAMED CDCR Employees, Doctors,<br><br>　　　　　　　　　　　Defendants. | Civil No.   14cv1011 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR LACK OF PROPER VENUE PURSUANT TO 28 U.S.C. § 1391(b) AND 28 U.S.C. § 1406(a)**<br><br>**AND**<br><br>**(2) DENYING MOTIONS TO PROCEED IFP, APPOINT COUNSEL AND FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br>**[Doc. Nos. 2, 4, 6]** |

　　David Rowland Young ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding in pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 (Doc. No. 1).

　　Plaintiff has not prepaid the civil filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

Plaintiff has also filed a Motion to Appoint Counsel (Doc. No. 4), and a Motion for a Temporary Restraining Order (Doc. No. 6).

## I. Venue

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

Section 1391(b) of Title 28 of the U.S. Code provides that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

While Plaintiff is currently incarcerated at CEN, his Complaint seeks damages and injunctive relief against the California Department of Corrections and Rehabilitation's ("CDCR") Health Care Services Office of Third Level Appeals, and a "Chief Appeals Coordinator" named Zamora, who is alleged to reside in Sacramento, California. *See* Compl. at 2. In addition, Plaintiff names the Chief Medical Officer of Ironwood State Prison ("ISP"), Dr. Lee, and two other "unnamed" doctors as Defendants,[1] based on claims that they denied his right to "proper and professional care," and caused him to suffer "physical pain, damage, and injury that was not necessary" while he was incarcerated at ISP "for four years." *Id.* at 7.

///

---

[1] Plaintiff also mentions a "Doctor Lewis" at Ironwood State Prison in the body of his Complaint, but Lewis is not named as a Defendant. *See* Compl. at 6, 7.

While Plaintiff is now incarcerated at CEN, his Complaint names no CEN officials as Defendants, and it contains no allegations against any CEN officials related to the denial of his medical care. Indeed, Plaintiff admits he was provided a "thorough physical examination" at CEN on September 22, 2013, diagnosed with a club foot, referred to an orthopedic specialist, provided with an "elevated boot," and recommended for surgery on his right knee to repair a torn ACL since being transferred to CEN from ISP. *Id.* at 4-5. He makes no allegations that any CEN official has violated his constitutional rights; instead, he appears to have filed suit here in order to obtain copies of his medical records, and to obtain discovery related to his past treatment at ISP. *See* Pl.'s Mot. for TRO (Doc. No. 6) at 2-3.

Thus, it appears that the substantial part of the events or omissions which might give rise to a federal claim occurred at ISP, where Dr. Lee is employed, where Plaintiff was previously incarcerated, and where his inmate health care grievances are alleged to have been denied in 2012. *See* Compl. at 2, 6-10. at 1-2. ISP is located in Blythe, California, which is in Riverside County. Therefore, venue appears proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), but not in the Southern District of California, pursuant to 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

## II.   Conclusion and Order

Accordingly, **IT IS ORDERED** that:

1) Plaintiff's Complaint in this civil action is **DISMISSED** without prejudice based on its lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a); and,

2) Plaintiff's Motions to Proceed IFP, to Appoint Counsel, and for a Temporary Restraining Order (Doc. Nos. 2, 4, 6) are **DENIED** without prejudice as moot.

DATED: August 29, 2014

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge