

1
2
3
4
5
6
7
8   **UNITED STATES DISTRICT COURT**
9   **SOUTHERN DISTRICT OF CALIFORNIA**
10
11
DAVID ROWLAND YOUNG,
CDCR #V-28942,

12

Plaintiff,
13
14   vs.

15   CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES, Office of Third Level
16   Appeals Health Care; L.D. ZAMORA, Chief
Appeals Coordinator; Dr. LEE, Chief
17   Medical Officer, Ironwood State Prison;
UNNAMED CDCR Employees, Doctors,
18
Defendants.
19

Civil No.   14cv1011 LAB (JMA)

**ORDER DENYING
PLAINTIFF'S MOTION
FOR RECONSIDERATION**

**(Doc. No. 9)**

20       David Rowland Young ("Plaintiff"), currently incarcerated at Centinela State

21   Prison ("CEN") in Imperial, California, and proceeding in pro se, filed this civil rights

22   action pursuant to 42 U.S.C. § 1983 (Doc. No. 1) in April, 2014.

23   **I.    Procedural History**

24       Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a);

25   instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

26   § 1915(a) (Doc. No. 2).  Plaintiff later filed a Motion to Appoint Counsel (Doc. No. 4)

27   and a Motion for a Temporary Restraining Order (Doc. No. 6).

28   / / /

On August 29, 2014, however, the Court sua sponte dismissed the action without prejudice for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and § 1406(a). *See* Aug. 29, 2014 Order (Doc. No. 7).

Specifically, the Court noted that:

> While Plaintiff is currently incarcerated at CEN, his Complaint seeks damages and injunctive relief against the California Department of Corrections and Rehabilitation's ("CDCR") Health Care Services Office of Third Level Appeals, and a "Chief Appeals Coordinator" named Zamora, who is alleged to reside in Sacramento, California. *See* Compl. at 2. In addition, Plaintiff names the Chief Medical Officer of Ironwood State Prison ("ISP"), Dr. Lee, and two other "unnamed" doctors as Defendants,[1] based on claims that they denied his right to "proper and professional care," and caused him to suffer "physical pain, damage, and injury that was not necessary" while he was incarcerated at ISP "for four years." *Id.* at 7.

*Id.* at 2.

Because Plaintiff's Complaint named no CEN officials as Defendants, contained no allegations of constitutional wrongdoing committed by any CEN official, and instead appeared to challenge the adequacy of his medical treatment at Ironwood State Prison ("ISP") where Plaintiff was incarcerated before his transfer to CEN, by medical officials at ISP, including Dr. Lee, who was alleged to be ISP's Chief Medical Officer, the Court found that "the substantial part of the events or omissions which might give rise to a federal claim occurred at ISP," and that venue therefore appeared proper in the Central District of California, Eastern Division, pursuant to 28 U.S.C. § 84(c)(1), and not in the Southern District of California, pursuant to 28 U.S.C. § 84(d). *Id.* at 3.

Because Plaintiff's Complaint was filed in the wrong district, the Court simply denied his Motions to Proceed IFP, to Appoint Counsel, and for a Temporary Restraining Order as moot, and dismissed his case without prejudice pursuant to 28 U.S.C. § 1406(a). *Id.*

///

///

---

[1] Plaintiff also mentioned a "Doctor Lewis" at Ironwood State Prison in the body of his Complaint, but Lewis was not named as a Defendant. *See* Compl. at 6, 7.

## II.   Motion for Reconsideration

Plaintiff has since filed a Motion for Reconsideration (Doc. No. 9).  He argues venue is proper in the Southern District because he, the Plaintiff, is the "substantial part of property . . . which is the subject of the action," and because he used the Latin phrase "et al." in the caption of his Complaint to indicate "there are many defendants here at Centinela and at Ironwood State Prison," who "may live in the City of Imperial," because it is "only one hour away" from ISP.  *See* Pl.'s Mot. at 2-3, 5.

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration.  However, the Court may reconsider matters previously decided under Rule 59(e) or Rule 60(b).  *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  In *Osterneck*, the Supreme Court stated that a ruling may be re-considered under Rule 59(e) motion where it involves "'matters properly encompassed in a [previous] decision on the merits.'" 489 U.S. at 174 (quoting *White v. New Hampshire Dep't of Employ't Sec.*, 455 U.S. 445, 451 (1982)).  Reconsideration is generally appropriate only if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

As noted above, the Court's August 29, 2014 Order simply dismissed Plaintiff's case without prejudice to his refiling it in the proper venue (Doc. No. 7).  Plaintiff bears the burden of showing that venue is proper in the chosen district.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979); *see also Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) ("Plaintiff has the burden of proving that venue is proper in the district in which the suit was initiated," citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)).  "When there are multiple parties and/or multiple claims in an action, the plaintiff must establish that venue is proper as to each
/ / /

1  defendant and as to each claim." *Kelly v. Echols*, Civ. No. F05118 AWI SMS, 2005 WL

2  2105309, *11 (E.D. Cal. Aug. 30, 2005).

3      While Plaintiff resides at CEN, which is located in the Southern District, the court

4  looks to 28 U.S.C. § 1391(b) to determine the proper venue.   Section 1391(b) does not

5  depend on Plaintiff's residency; instead, it provides, in pertinent part, that a "civil action

6  may be brought in–(1) a judicial district in which any defendant resides, if all defendants

7  are residents of the State in which the district is located;" or "(2) a judicial district in

8  which a substantial part of the events or omissions giving rise of the claim occurred, or

9  a substantial part of property that is subject of the action is situated."   28 U.S.C.

10  § 1391(b).

11      Plaintiff first argues that he is the "property' which is the subject of the action, and

12  that therefore, venue is proper wherever <u>he</u> is situated.  *See* Pl.'s Mot. at 2.  Plaintiff's

13  Complaint seeks damages and injunctive against prison officials pursuant to 42 U.S.C.

14  § 1983 based on alleged violations of his right to "proper and professional [medical]

15  care" at ISP.  *See* Compl. at 7.  In a tort action like Plaintiff's, the court looks primarily

16  to the "locus of the injury" to determine whether venue is proper under § 1391.  *See*

17  *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001); *see also Open Road*

18  *Ventures, LLC v. Daniel*, 2009 WL 2365857, at *4 (N.D. Cal. July 30, 2009) ("Because

19  the injury occurred in California, venue is proper [t]here under 28 U.S.C. § 1391(a)(2).");

20  *Williamson v. American Mastiff Breeders Council*, 2009 WL 634231, at *7 (D. Nev.

21  Mar. 6, 2009) ("If a harm suffered by a plaintiff is felt in a specific place, then that place

22  is one where the actions giving rise to the claim or occurrence happened."); *Mathis v.*

23  *County of Lyon*, 2007 WL 3230142, at *1 (D. Nev. Oct. 24, 2007) ("The locus of the

24  injury has been deemed to be a substantial part of the events giving rise to the claim in

25  a tort action."); *City of Los Angeles v. County of Kern*, 2006 WL 3073172, at *6 (C.D.

26  Cal. Oct. 24, 2006) ("Plaintiffs' alleged injuries in the Central District constitute

27  substantial events giving rise to the cause of action, and thus venue is proper ....").

28  / / /

Next, Plaintiff argues that his use of the term "et al." in the caption of his pleading is sufficient to show venue is proper in the Southern District because "there are many defendants . . . at CEN" who are yet unidentified, but who may be later added as parties "after he amends his complaint." *See* Pl.'s Mot. at 4-5. Plaintiff further suggests that these persons *may* reside in San Diego or Imperial Counties because they are "only an hour away" from ISP in Riverside. *Id.* at 3.

Rule 10(a) of the Federal Rules of Civil Procedure requires that Plaintiff specifically name each defendant in the caption of his complaint, however. *See* FED.R.CIV.P. 10(a) ("The title of the complaint must name all the parties."). And while he may have attached the ambiguous phrase "et al." to the caption in order to suggest an intent to sue two other "unnamed CDCR employees" he describes only as "doctors," he failed to carry his burden to allege that those yet-to-be-identified employees reside in either San Diego or Imperial Counties. *See* Compl. at 2; 28 U.S.C. § 84(d); *Piedmont Label Co.,* 598 F.2d at 496.

Therefore, because the substantial part of the events or omissions giving rise to Plaintiff's claims of inadequate medical care are alleged to have occurred at ISP in Riverside County, ISP is where he claims Dr. Lee is employed, and ISP is where Plaintiff was incarcerated at the time he alleges to have been injured, the Court finds it was correct to conclude that venue lie in the Central District of California, and not the Southern District. And because Plaintiff's Motion for Reconsideration offers no newly discovered evidence, fails to show clear error, demonstrates no manifest injustice, and does not identify any intervening change in controlling law which would alter the Court's August 29, 2014 conclusion, the Court finds it unavailing. *See School Dist. No. 1J,* 5 F.3d at 1263.

## III.   Conclusion and Order

For the reasons explained above, Plaintiff's Motion for Reconsideration (Doc. No. 9) is DENIED, and this action remains dismissed without prejudice for lack of proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1406(a).

1    The Court further CERTIFIES that an IFP appeal would *not* be taken in good faith

2    pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445

3    (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is

4    permitted to proceed IFP on appeal only if appeal would not be frivolous).

5    The Clerk shall close the file.

6    IT IS SO ORDERED.

7

8    DATED:  November 21, 2014

9

10   **HONORABLE LARRY ALAN BURNS**
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28